K.ent, Oh. J.
delivered the opinion of the court. Admitting that the lessor of the plaintiff did not show a sufficient evidence of title to entitle him to recover, the' defendant has supplied that defect, and showed it for him.He claimed title under the plaintiff, and produced alease in fee from George Wray to the plaintiff; and unless the defendant has succeeded in deducing a title to himself under that lease, the plaintiff must recover, upon the view of the whole case. The assignment of the lease to Jonathan Titus was, in our opinion, a nullity.- The affixing of-the hand and seal to a piece of blank paper, never can be considered an assignment by deed or note in writing, within' the requisition of the statute of frauds.And to allow the subsequent filling up of.the deed by a third person., to have relation back to the time of the sealing and delivery of the blank paper, in consequence of some parol agreement of the parties, is to open a door'' to fraud and perjury, and to defeat the wise and salutary provisions of the statute. The case of an -endorsement on a blank note, (Doug. 514.) has no application to this case, which arises under the statute of frauds.(a.) We are.accordingly of opinion, that judgment must be .entered for the plaintiff.
Judgment for the plaintiff.

) Vide Ulen v. Kitteridge, 7 Mass. T. R. 233. Hodgkins v. Bond, Adams, 284.